UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANIBAL MARRERO,                                          :
                                                         :
                        Plaintiff,      :        20CV6091
                                                         :
          - against -                            :        COMPLAINT
                                                         :        AND DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, BILAL ATES,                        :
SHANTE TERRELL and TEARLE CONNELL,                       :        ECF CASE
All in Their Individual Capacities and in Their          :
Official Capacities,                                     :
                                                         :
                      Defendants       :
------------------------------------------------------------------------x

        Plaintiff, by his attorneys, MICHELSTEIN & ASHMAN, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

        1. This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiff Anibal Marrero by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth and Fourteenth Amendments, and by the laws of the State of New York.

        2. Plaintiff Anibal Marrero is a citizen of the United States who was assaulted and subjected to excessive force by New York City police officers Bilal Ates, Shante Terrell and Tearle Connell during the course of an arrest on December 20, 2019 and denied arraignment while hospitalized for those injuries, and was assaulted and subjected to excessive force by New York City police officer Bilal Ates following an arrest on March 6, 2020, causing the plaintiff to sustain serious physical injuries.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Anibal Marrero's constitutional and civil rights.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New, defendants Bilal Ates, Shante Terrell and Tearle Connell can be found within the Eastern District of New York, and defendant The City of New York is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. Plaintiff Anibal Marrero is a citizen of the Untied States who currently resides in the County of the Kings, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Bilal Ates is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer, with the rank of sergeant.

10. At all times relevant herein, defendant Bilal Ates was acting within the scope of his employment by defendant The City of New York.

11. Defendant Shante Terrell is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer, with the rank of detective.

12. At all times relevant herein, defendant Shante Terrell was acting within the scope of his employment by defendant The City of New York.

13. Defendant Tearle Connell is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer, with the rank of detective.

14. At all times relevant herein, defendant Tearle Connell was acting within the scope of his employment by defendant The City of New York.

## NOTICES OF CLAIM

15. On March 13, 2020, and within ninety days of the accrual of the causes of action herein based on the events of December 20, 2019, plaintiff Anibal Marrero served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

16. More than thirty days have elapsed since the plaintiff's Notice of Claim based on the events of December 20, 2019 was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment

17. On May 28, 2020, and within ninety days of the accrual of the causes of action herein based on the events of March 6, 2020, plaintiff Anibal Marrero served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

18. More than thirty days have elapsed since the plaintiff's Notice of Claim based on the events of March 6, 2020 was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

### The Assault on the Plaintiff on December 20, 2019

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this complaint as though the same were set forth fully herein.

20. On December 20, 2019, plaintiff Anibal Marrero was lawfully present in front of 3608 W. 36th Street, Brooklyn, New York.

21. On December 20, 2019, in front of 3608 W. 36th Street, Brooklyn, New York, defendants Shante Terrell, Tearle Connell and Bilal Ates arrested plaintiff Anibal Marrero.

22. During the course of arresting plaintiff Anibal Marrero on December 20, 2019, defendants Shante Terrell and Tearle Connell punched plaintiff Anibal Marrero.

23. During the course of arresting plaintiff Anibal Marrero on December 20, 2019, defendants Shante Terrell and Tearle Connell forced plaintiff Anibal Marrero to the ground.

24. During the course of arresting plaintiff Anibal Marrero on December 20, 2019, defendants Shante Terrell and Tearle Connell handcuffed the plaintiff after forcing him to the ground.

25. After plaintiff Anibal Marrero had been forced to the ground and handcuffed, defendant Bilal Ates kicked plaintiff Anibal Marrero multiple times.

26. As a result of the foregoing, plaintiff Anibal Marrero sustained serious physical injuries, including grade three liver laceration, bilateral rib fractures, pulmonary contusion and substantial conscious pain and suffering.

27. Following the vicious attack of the plaintiff by the defendants, the plaintiff was transported to the 60th precinct.

28. Plaintiff Anibal Marrero was subsequently transported to Coney Island Hospital on December 20, 2019.

29. On December 21, 2019, defendant Shante Terrell instituted a criminal proceeding against plaintiff Anibal Marrero in the Criminal Court of the City of New York, County of Kings, under docket No. CR-044506-19KN, by signing a Criminal Court Complaint.

30. On December 24, 2019, plaintiff Anibal Marrero was discharged from Coney Island Hospital in police custody.

31. During his hospitalization in Coney Island Hospital, plaintiff Anibal Marrero was handcuffed and shackled to a hospital bed.

32. Plaintiff Anibal Marrero was not arraigned on the criminal charges between his arrest on December 20, 2019 and his discharge from Coney Island Hospital on December 24, 2019.

33. Immediately following his discharge from Coney Island Hospital, plaintiff Anibal Marrero was transported to Brooklyn Central Booking.

34. On December 24, 2019, plaintiff Anibal Marrero was arraigned before a judge of the Criminal Court of the City of New York, County of Kings, and released from custody.

**The Assault on the Plaintiff on March 6, 2020**

35. On March 6, 2020, on Neptune Avenue, Brooklyn, New York, plaintiff Anibal Marrero was arrested by police officers whose identities are unknown to the plaintiff.

36. Following his arrest on March 6, 2020, plaintiff Anibal Marrero was handcuff and placed in the rear seat of a police vehicle by a police officer.

37. Defendant Bilal Ates sat next to plaintiff Anibal Marrero in the rear seat of the police vehicle.

38. As plaintiff Anibal Marrero was transported to a police precinct in a police vehicle, defendant Bilal Ates repeatedly punched the plaintiff in the face.

39. Defendant Bilal Ates said to plaintiff Anibal Marrero, in sum and substance, "If I ever arrest you again I'm going to kill you."

40. As a result of the foregoing, plaintiff Anibal Marrero sustained serious physical injuries, including fracture of the nasal bones, left periorbital ecchymosis, and substantial conscious pain and suffering.

41. As a result of the foregoing, plaintiff Anibal Marrero has been fearful for his safety and his life.

## COUNT ONE
## USE OF EXCESSIVE FORCE ON DECEMBER 20, 2019 UNDER 42 U.S.C. §1983

42. Plaintiff incorporates by reference paragraphs 1 through 41 of this complaint as though the same were set forth fully herein.

43. On December 20, 2019, defendants Bilal Ates, Shante Terrell and Tearle Connell used excessive and unreasonable force against plaintiff Anibal Marrero by punching him, forcing him to the ground, and kicking him while he was handcuffed.

44. The level of force used by defendants Bilal Ates, Shante Terrell and Tearle Connell against plaintiff Anibal Marrero on December 20, 2019 was objectively unreasonable.

45. Defendants Bilal Ates, Shante Terrell and Tearle Connell acted in concert in the use of excessive force against plaintiff Anibal Marrero.

46. Defendants Bilal Ates, Shante Terrell and Tearle Connell maliciously and sadistically employed force against plaintiff Anibal Marrero for the purpose of causing physical injury to the plaintiff.

47. The use of excessive force by defendants Bilal Ates, Shante Terrell and Tearle Connell deprived plaintiff Anibal Marrero of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

48. Defendants Bilal Ates, Shante Terrell and Tearle Connell were acting under color of state law when they used excessive force against plaintiff Anibal Marrero on December 20, 2019.

49. Defendants Bilal Ates, Shante Terrell and Tearle Connell deprived plaintiff Anibal Marrero of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him on December 20, 2019.

50. As a result of the use of excessive force by defendants Bilal Ates, Shante Terrell and Tearle Connell, plaintiff Anibal Marrero sustained physical injuries.

51. As a result of the use of excessive force by defendants Shante Terrell and Tearle Connell, plaintiff Anibal Marrero experienced pain, physical and emotional distress, hardship and anxiety, and incurred medical expenses.

## COUNT TWO
## DELAY IN ARRAIGNMENT UNDER 42 U.S.C. §1983

52. Plaintiff incorporates by reference paragraphs 1 through 51 of this complaint as though the same were set forth fully herein.

53. Defendants Bilal Ates, Shante Terrell and Tearle Connell had a duty to bring plaintiff Anibal Marrero before a local criminal court for arraignment without unnecessary delay.

54. Defendants Bilal Ates, Shante Terrell and Tearle Connell failed to provide plaintiff Anibal Marrero with an arraignment while the plaintiff was in custody in Coney Island Hospital.

55. By failing to provide plaintiff Anibal Marrero with a hospital arraignment in Coney Island Hospital, defendants Bilal Ates, Shante Terrell and Tearle Connell deprived the plaintiff of his right to a speedy arraignment.

56. As a result of the foregoing, plaintiff Anibal Marrero was unnecessarily handcuffed and shackled to a hospital bed for an extended period of time, and was subjected to physical and mental distress.

57. The extended imprisonment of plaintiff Anibal Marrero without prompt arraignment by defendants Bilal Ates, Shante Terrell and Tearle Connell deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

58. The extended imprisonment of plaintiff Anibal Marrero without prompt arraignment by defendants Anibal Marrero, Shante Terrell and Tearle Connell deprived the plaintiff of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

59. Defendants Bilal Ates, Shante Terrell and Tearle Connell were acting under color of state law when they imprisoned plaintiff Anibal Marrero for an extended period of time without providing the plaintiff with a hospital arraignment without unnecessary delay.

60. Defendants Bilal Ates, Shante Terrell and Tearle Connell deprived plaintiff Anibal Marrero of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by imprisoning plaintiff Anibal Marrero without providing for a prompt hospital arraignment.

**COUNT THREE**
**USE OF EXCESSIVE FORCE ON MARCH 6, 2020 UNDER 42 U.S.C. §1983**

61. Plaintiff incorporates by reference paragraphs 1 through 60 of this complaint as though the same were set forth fully herein.

62. On March 6, 2020, defendant Bilal Ates used excessive and unreasonable force against plaintiff Anibal Marrero by repeatedly punching him in the face while the plaintiff was handcuffed.

63. The level of force used by defendant Bilal Ates against plaintiff Anibal Marrero on March 6, 2020 was objectively unreasonable.

64. Defendant Bilal Ates maliciously and sadistically employed force against plaintiff Anibal Marrero for the purpose of causing physical injury to the plaintiff.

65. The use of excessive force by defendant Bilal Ates on March 6, 2020 deprived plaintiff Anibal Marrero of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

66. Defendant Bilal Ates was acting under color of state law when he used excessive force against plaintiff Anibal Marrero on March 6, 2020.

67. Defendant Bilal Ates deprived plaintiff Anibal Marrero of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him on March 6, 2020.

68. As a result of the use of excessive force by defendants Bilal Ates on March 6, 2020, plaintiff Anibal Marrero sustained physical injuries.

69.  As a result of the use of excessive force by defendant Bilal Ates on March 6, 2020, plaintiff Anibal Marrero experienced pain, physical and emotional distress, hardship and anxiety, and incurred medical expenses.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

70.  Plaintiff incorporates by reference paragraphs 1 through 69 of this Complaint as though the same were set forth fully herein.

71.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Bilal Ates, Shante Terrell and Tearle Connell are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

72.  Prior to the events upon which this action is based, defendant Bilal Ates had been the subject of at least six lawsuits claiming violations of individuals' civil right.

73.  Prior to the events upon which this action is based, the New York City Civilian Complaint Review Board received ten complaints of misconduct by defendant Bilal Ates.

74.  Prior to the events upon which this action is based, defendant Shante Terrell had been the subject of at least nine lawsuits claiming violations of individuals' civil rights.

75.  Prior to the events upon which this action is based, the New York City Civilian Complaint Review Board had received five complaints of misconduct by defendant Shante Terrell.

76.  Prior to the events upon which this action is based, defendant Tearle Connell had been the subject of at least six lawsuits claiming violations of individuals' civil rights.

77. Upon information and belief, defendant The City of New York failed adequately to investigate prior lawsuits and complaints against these officers.

78. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

79. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Anibal Marrero would be violated.

80. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Anibal Marrero.

81. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate lawsuits and complaints against police officers for violating civil rights and to take appropriate remedial action.

82. Defendant The City of New York deprived plaintiff Anibal Marrero of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate lawsuits and complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FIVE
## <u>MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983</u>

83. Plaintiff incorporates by reference paragraphs 1 through 82 of this Complaint as though the same were set forth fully herein.

84. At all times relevant herein, the New York City Police Department maintained, operated and controlled a unit of the police department designated as the Brooklyn Borough Court Section in the Criminal Court of the City of New York, County of Kings.

85. The functions of the Brooklyn Borough Court Section of the New York City Police Department included processing and forwarding to the clerk of the Criminal Court of the City of New York, County of Kings, the paperwork necessary to schedule and conduct arraignments of individuals arrested within the borough of Brooklyn.

86. Upon information and belief, the Brooklyn Borough Court Section of the New York City Police Department adopted a policy, practice or custom of withholding necessary paperwork and delaying arraignments of individuals who were arrested and hospitalized in Brooklyn until the release of those individuals from the hospitals.

87. Plaintiff Anibal Marrero was deprived of his right to a speedy arraignment following his arrest of December 20, 2019 as a result of the policy, practice or custom of the Brooklyn Borough Court Section of the New York City Police Department of delaying arraignments of individuals who were hospitalized following arrest.

88. Plaintiff Anibal Marrero was unnecessarily imprisoned, handcuffed to a hospital bed and shackled for the duration of his hospitalization at Coney Island Hospital, and was subjected to physical discomfort and mental distress as a result of the policy, practice or custom of the Brooklyn Borough Court Section of the New York City Police Department of delaying arraignments of

individuals who were hospitalized following arrest.

89. Plaintiff Anibal Marrero was aware of his extended imprisonment while a patient at Coney Island Hospital.

90. Plaintiff Anibal Marrero did not consent to his imprisonment while a patient at Coney Island Hospital.

91. Plaintiff Anibal Marrero's imprisonment while a patient at Coney Island Hospital was a result of the failure of New York City police officers in the Brooklyn Borough Court Section to forward the necessary documents to schedule an arraignment to the clerk of the Criminal Court of the City of New York, County of Kings, on December 21, 2019.

92. As a result of the foregoing, plaintiff Anibal Marrero was unnecessarily handcuffed and shackled to a hospital bed for an extended period of time, and was subjected to physical and mental distress.

93. The extended imprisonment of plaintiff Anibal Marrero without prompt arraignment deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

94. The extended imprisonment of plaintiff Anibal Marrero without prompt arraignment deprived the plaintiff of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

95. The police officers in the Brooklyn Borough Court Section of the New York City Police Department were acting under color of state law when they withheld documents necessary to schedule an arraignment from the clerk of the Criminal Court of the City of New York, County of Kings, depriving plaintiff Anibal Marrero of his right to a prompt arraignment.

96. Defendant The City of New York deprived plaintiff Anibal Marrero of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of delaying arraignment of hospitalized arrestees in the borough of Brooklyn until their release from the hospital.

## COUNT SIX
## COMMON LAW ASSAULT ON DECEMBER 20, 2019

97. Plaintiff incorporates by reference paragraphs 1 through 96 of this Complaint as though the same were set forth fully herein.

98. The above described acts of defendants Bilal Ates, Shante Terrell, Tearle Connell and The City of New York on December 20, 2019 placed plaintiff Anibal Marrero in fear of imminent harmful physical contact.

99. As a result of the foregoing, plaintiff Anibal Marrero was injured.

100. As a result of the foregoing, plaintiff Anibal Marrero experienced emotional distress in anticipation of the impending acts of force against him.

## COUNT SEVEN
## COMMON LAW BATTERY ON DECEMBER 20, 2019

101. Plaintiff incorporates by reference paragraphs 1 through 100 of this Complaint as though the same were set forth fully herein.

102. On December 20, 2019, defendants Bilal Ates, Shante Terrell, Tearle Connell and The City of New York committed multiple acts of battery on plaintiff Anibal Marrero by punching him, forcing him to the ground and kicking him.

103. Defendants Bilal Ates, Shante Terrell, Tearle Connell and The City of New York intended to cause pain and injury to plaintiff Anibal Marrero by punching the plaintiff and forcing him to the ground.

104. Plaintiff Anibal Marrero did not consent to being punched, forced to the ground and kicked by the defendants.

105. As a result of the foregoing, plaintiff Anibal Marrero sustained serious physical injuries.

106. As a result of the foregoing, plaintiff Anibal Marrero experienced pain, and physical and emotional distress and anxiety.

### COUNT EIGHT
### COMMON LAW ASSAULT ON MARCH 6, 2020

107. Plaintiff incorporates by reference paragraphs 1 through 106 of this Complaint as though the same were set forth fully herein.

108. The above described acts of defendant Bilal Ates and The City of New York on March 6, 2020 placed plaintiff Anibal Marrero in fear of imminent harmful physical contact.

109. As a result of the foregoing, plaintiff Anibal Marrero was injured.

110. As a result of the foregoing, plaintiff Anibal Marrero experienced emotional distress in anticipation of the impending acts of force against him.

### COUNT NINE
### COMMON LAW BATTERY ON MARCH 6, 2020

111. Plaintiff incorporates by reference paragraphs 1 through 110 of this Complaint as though the same were set forth fully herein.

112. On March 6, 2020, defendant Bilal Ates committed multiple acts of battery on plaintiff Anibal Marrero by repeatedly punching the plaintiff in the face while the plaintiff was

handcuffed.

113. Defendants Bilal Ates and The City of New York intended to cause pain and injury to plaintiff Anibal Marrero by repeatedly punching the plaintiff in the face while the plaintiff was handcuffed.

114. Plaintiff Anibal Marrero did not consent to being punched in the face by defendant Bilal Ates.

115. As a result of the foregoing, plaintiff Anibal Marrero sustained serious physical injuries.

116. As a result of the foregoing, plaintiff Anibal Marrero experienced pain, physical and anxiety and emotional distress.

## COUNT TEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

117. Plaintiff incorporates by reference paragraphs 1 through 116 of this Complaint as though the same were set forth fully herein.

118. The conduct of defendant Bilal Ates in kicking plaintiff Anibal Marrero when the plaintiff was on the ground and handcuffed, in repeatedly punching plaintiff Anibal Marrero in the face while the plaintiff was handcuffed and seated in a police vehicle, and in threatening to murder plaintiff Anibal Marrero constituted extreme and outrageous conduct.

119. Defendant Bilal Ates intended to cause plaintiff Anibal Marrero to experience severe emotional distress.

120. As a result of the extreme and outrageous conduct of defendant Bilal Ates, plaintiff Anibal Marrero suffered anxiety, fear and severe emotional distress.

121. Plaintiff Anibal Marrero continues to experience emotional distress, anxiety and fear of physical harm by defendant Bilal Ates or other police officers.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Anibal Marrero respectfully requests that this Court grant the following relief:

A.  Award plaintiff Anibal Marrero compensatory damages to be determined by the jury at the time of trial;

B.  Award plaintiff Anibal Marrero punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiff Anibal Marrero reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL DEMANDED**

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       December 15, 2020

                                      MICHELSTEIN & ASHMAN, PLLC

                                      By:_____S/_____
                                            Richard A. Ashman
                                            Attorneys for Plaintiff
                                            485 Madison Avenue, Suite 1600
                                            New York, New York 10022
                                            malaw485@yahoo.com
                                            (212) 588-0880