```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JERRY SANTOS, as Administrator of the Estate    :
of ANIBAL MARRERO,                              :
                                                :
                    Plaintiff,                  :         **REPORT AND**
                                                :         **RECOMMENDATION**
        -against-                               :
                                                :         20 Civ. 6091 (EK) (VMS)
                                                :
THE CITY OF NEW YORK, BILAL ATES,               :
SHANTE TERRELL and TEARLE CONNELL,              :
All in Their Individual Capacities and in Their :
Official Capacities,                            :
                                                :
                    Defendants.                 :
------------------------------------------------------------ x
```

**Vera M Scanlon, United States Magistrate Judge:**

Plaintiff Jerry Santos, administrator of the estate of Anibal Marrero (the "Administrator"), moves unopposed for an order approving a settlement and granting an award of attorneys' fees and costs pursuant to Sec. 5-4.6 of New York's Estates, Powers and Trusts Law ("N.Y.E.P.T.L.") and Local Civil Rule 83.2(b). The District Court referred Plaintiff's motion to this Court for a report and recommendation. This Court respectfully recommends that the District Court deny Plaintiff's motion.

If this report and recommendation is adopted, Plaintiff should be directed to move for approval for the settlement and distribution of settlement funds from the New York State Surrogate's Court, Kings County, and to inform the District Court of the outcome of that motion within seven days of the Surrogate's Court order on the motion.

### I.      Background

The Court assumes the parties' familiarity with the underlying facts and recounts only those facts pertinent to resolving this motion.

1

On December 20, 2019, Anibal Marrero was arrested by three New York City police officers.  See ECF Nos. 1 (the Complaint) ¶ 21; 30 ¶ 4; 32 at 4 [ECF pagination].  Mr. Marrero alleged that, during the course of his arrest, the officers punched him, forced him to the ground, handcuffed him and kicked him several times while he was handcuffed.  ECF Nos. 1 ¶ 25; 30 ¶ 4; 32 at 4.  Mr. Marrero suffered four fractured ribs, a lacerated liver, acute hypoxemic respiratory failure with acute respiratory alkalosis and pulmonary contusion.  ECF Nos. 30 ¶ 4; 32 at 4.  He was hospitalized for four days and handcuffed to his bed.  ECF Nos. 1 ¶ 26; 30 ¶ 4; 32 at 4.  According to the complaint, Mr. Marrero experienced "substantial conscious pain and suffering" because of this event.  ECF No. 1 ¶ 26.

On March 6, 2020, Mr. Marrero was again arrested by New York City police officers.  ECF Nos. 1 ¶ 35; 30 ¶ 5; 32 at 4-5.  During the second arrest, Mr. Marrero was handcuffed, placed in the back of a police car and repeatedly punched in the face by an officer.  ECF Nos. 1 ¶ 38; 30 ¶ 5; 32 at 5.  Mr. Marrero sustained fractured nasal bones and left periorbital ecchymosis.  ECF Nos. 1 ¶ 40; 30 ¶ 4; 32 at 5.  According to the complaint, Mr. Marrero experienced "substantial conscious pain and suffering" because of this second event.  ECF No. 1 ¶ 40.

Mr. Marrero retained the law firm Michelstein & Ashman, PLLC to represent him on his claims against Defendants.  See ECF Nos. 30 ¶ 7; 30-2; 32 at 5.  Mr. Marrero signed a retainer agreement providing a legal fee of 33 1/3% of the gross sum recovered.  ECF Nos. 30 ¶ 15; 30-2.  On March 13, 2020, Mr. Marrero filed a notice of claim with the New York City Comptroller to protect his state law claims.  ECF No. 1 ¶ 15.  In October 2020, Mr. Marrero testified about his injuries during two hearings pursuant to the New York State Municipal Law.  ECF No. 30 ¶¶ 4-5, 8.  On December 15, 2020, Mr. Marrero initiated this action, describing it as "a civil rights

action to redress the defendants' violations of the rights accorded to plaintiff Anibal Marrero by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth and Fourteenth Amendments, and by the laws of the State of New York." ECF No. 1 ¶ 1. In his complaint, Mr. Marrero asserted the following causes of action:

Count One: use of excessive force on December 19, 2019 under 42 U.S.C. Sec. 1983, id. ¶¶ 42-51;

Count Two: delay in arraignment under 42 U.S.C. Sec. 1983, id. ¶¶ 52-60;

Count Three: use of excessive force on March 6, 2020 under 42 U.S.C. Sec. 1983, id. ¶¶ 61-69;

Counts Four and Five: municipal liability under 42 U.S.C. Sec. 1983, id. ¶¶ 70-96;

Count Six: common law assault on December 20, 2019, id. ¶¶ 97-100;

Count Seven: common law battery on December 20, 2019, id. ¶¶ 101-106;

Count Eight: common law assault on March 6, 2020, id. ¶¶ 107-110;

Count Nine: common law battery on March 6, 2020, id. ¶¶ 111-116;

Count Ten: intentional infliction of emotional distress, id. ¶¶ 117-121.

Plaintiff never alleged a claim for wrongful death or conscious pain and suffering in his complaint or in any amended complaint.

Mr. Marrero died on January 25, 2021. See ECF Nos. 14; 14-1; 30 ¶ 6. Issued on February 8, 2021, the initial death certificate listed the cause of death as "pending further study." ECF No. 14-1. According to Plaintiff's counsel, "[t]he plaintiff has not asserted a cause of action for wrongful death because the cause of death indicated in the autopsy report is unrelated to the injuries sustained as a result of the two assaults which are the subject of this action." ECF No. 30 ¶ 6; see also id. ¶ 13 ("the demise of the decedent by unrelated causes"). Instead,

Plaintiff's claim for damages rested in part on the "substantial pain experienced by Anibal Marrero for the rest of his life," ECF No. 30 ¶ 6, following the two allegedly unlawful uses of force, id.

On March 23, 2021, the Surrogate's Court, State of New York, Kings County, issued letters of administration to Mr. Jerry Santos, Mr. Marrero's son. ECF Nos. 14-2; 30 ¶ 9. The letters of administration dispensed with the requirement that the administrator of the estate post a bond under the Surrogate's Court Procedures Act. ECF No. 14-2. Among the limitations on the administrator were the following:

> The Administrator is restrained from collecting and administering more than $40,000.00 in assets belonging to the decedent without further order from this court.
>
> And said Administrator is hereby restrained from collecting any assets derived from a cause of action until further court order pursuant to EPTL 5-4.6 and upon filing a satisfactory bound or satisfactory security.

Id. The administrator was empowered to perform all acts necessary to the proper administration and distribution of the estate of Mr. Marrero, subject to the limitations of the letters of administration. Id. In the proceedings in Surrogate's Court, the estate was represented by the law firm of Michelstein & Associates. Id.

After his appointment, on April 6, 2021, Mr. Santos as Administrator retained Michelstein & Associates to continue this action. ECF Nos. 30 ¶¶ 9, 15; 30-4; 32 at 5. On April 15, 2021, Mr. Santos, as Administrator of the estate of Mr. Marrero, moved to be substituted as the party in interest in this case. ECF No. 14. The Court granted the motion of substitution on April 21, 2021. ECF Order of 4/21/21.

After multiple settlement discussions, ECF Nos. 30 ¶¶ 9-10; 32 at 6, the parties agreed to settle the case for $112,00.00, an amount recommended by the undersigned during the settlement

4

conferences. ECF Nos. 28, 30 ¶ 11; 32 at 5-6. As part of the settlement, the City of New York also agreed to a significant limitation of its lien against Mr. Marrero's estate. ECF No. 30-5; 32 at 5. Mr. Santos, as Administrator, agreed to the settlement. ECF No. 31. Given the need for approval by a court of the settlement, the parties prepared a settlement agreement but have not executed it. ECF No. 30-1.

Plaintiff moves unopposed for an order approving the settlement and granting an award of attorneys' fees and costs pursuant to Sec. 5-4.6 of New York's Estates, Powers and Trusts Law and Local Civil Rule 83.2(b). ECF Nos. 30 ¶ 2; 32 at 4. Plaintiff argues that the District Court should approve his settlement because Mr. Marrero sought damages for conscious pain and suffering, and Local Civil Rule 83.2(b) and N.Y. E.P.T.L. Sec. 5-4.6(a) authorizes the Court to approve the settlement of such claims. ECF No. 32 at 8.

## II. Legal Standards

We begin with a brief look at the relevant causes of action under New York law. In New York, "wrongful death" and "conscious pain and suffering" are two separate causes of action, but they are commonly brought together. In order to prevail on a wrongful death claim, a plaintiff must prove five elements: (1) a death, (2) caused by the wrongful conduct of a defendant, (3) that gives rise to a cause of action which could have been maintained, at the moment of death, by the decedent if death had not ensued. N.Y. E.P.T.L. Sec. 5-4.1. "Wrongful death actions, although commenced by the administrator of a decedent's estate, are based not upon damage suffered by the decedent's estate, but rather upon the pecuniary loss suffered by the decedent's distributees." Est. of Matter of Wallace, 239 A.D.2d 14, 15, 667 N.Y.S.2d 768, 769 (1998) (citing N.Y. E.P.T.L. 5-4.4 and Liff v. Schildkrout, 49 N.Y.2d 622, 632, 427 N.Y.S.2d 746, 748-49 (N.Y. 1980)). Wrongful death claims entail "'matters involving controversies between living persons

and not matters affecting the estate of the decedent.'" Est. of Matter of Wallace, 239 A.D.2d at 15-16 (quoting Maurer v. Johns-Manville Inc., 126 A.D.2d 524, 526, 510 N.Y.S.2d 648, 649 (2d Dep't 1987)).

Although the phrase "conscious pain and suffering" might appear to describe damages in any occurrence involving physical harm as to which a plaintiff was aware, it is, in fact, a term of art in New York law. See Ocasio v. City of Canandaigua, 513 F. Supp. 3d 310, 328 (W.D.N.Y. 2021) (denying motion to dismiss, recognizing "conscious pain and suffering" as a separate cause of action from wrongful death claim under New York law, and not simply a "damages allegation"). A claim for "conscious pain and suffering" runs in tandem with a wrongful-death claim. Id. In order to prevail on a conscious pain and suffering claim, a plaintiff must prove that the decedent was conscious or partially conscious between the time of the injury and the time of death and that he suffered pain physical or mental pain during that period of consciousness. See Dullard v. Berkeley Assocs. Co., 606 F.2d 890, 894–95 (2d Cir. 1979). A plaintiff cannot plead a conscious pain and suffering claim without alleging that the decedent died in connection with the alleged injuries. See Dershowitz v. United States, No. 12 Civ. 08634 (SN), 2015 WL 1573321, at *38–39 (S.D.N.Y. Apr. 8, 2015) (the court defines "conscious pain and suffering" as injuries incurred before death); Huertas v. State, 84 A.D.2d 650, 651, 444 N.Y.S.2d 307, 309 (3d Dep't 1981) (jury award for conscious pain and suffering denied because, although it was connected to a wrongful death, the plaintiff was not conscious at any point following his injuries). "A cause of action alleging conscious pain and suffering requires proof of cognitive awareness for at least some period of time following an accident." Vatalaro v. Cnty. of Suffolk, 163 A.D.3d 893, 895, 81 N.Y.S.3d 441, 444 (2d Dep't 2018). "'[I]n determining damages for conscious pain and suffering experienced in the interval between injury and death, when the

interval is relatively short, the degree of consciousness, severity of pain, apprehension of impending death, along with duration, are all elements to be considered.'" Id. (quoting Ramos v. Shah, 293 A.D.2d 459, 460, 740 N.Y.S.2d 376 (2d Dep't 2002) [internal quotation marks omitted]).[1]

We turn now to the question of how approval of a settlement of wrongful death and conscious pain and suffering claims may proceed in New York. The New York State Constitution grants the Surrogate's Court jurisdiction over "all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto." N.Y. Const, art VI, Sec. 12(d). Under New York law, the Surrogate's Court "exercise[s] full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates and the affairs of decedents." N.Y. Surrogate's Court Procedures Act Sec. 201(3); Glassman v. Cohen, No. 2019-08132, 2023 WL 2000621, at *1 (2d Dep't Feb. 15, 2023).

The New York legislature has created limited exceptions to the general principle that the affairs of decedents should fall under the purview of the Surrogate's Courts. One such exception is created by N.Y. E.P.T.L. Sec. 5, Part 4, which operates in tandem with Local Civil Rule 83.2(b). N.Y. E.P.T.L. Sec. 5, Part 4 is New York's wrongful-death statute. See N.Y. E.P.T.L. Sec. 5, Part 4, Main Commentary. In 2005, Section 5-4.6 was amended to permit a District Court to approve the compromise of "an action for wrongful act, neglect or default causing the

---

[1] The commentary to the Local Civil Rule 83.2 recognizes the intertwined nature of these two causes of action by stating: "The Committee believes that paragraph (b) of this Local Civil Rule should logically apply to actions for conscious pain and suffering of the decedent as well as to wrongful death actions, and therefore recommends that the present distinction between the Southern and Eastern District versions of the Local Rule in this regard be eliminated." Committee Note, E.D.N.Y. Loc. Civ. R. 83.2(b) (effective Oct. 15, 2021).

7

death of a decedent[.]" N.Y. E.P.T.L. Sec. 5-4.6(a); see In re Est. of Haag, 55 Misc. 3d 324, 332, 43 N.Y.S.3d 870, 874 (N.Y. Sur., Broome Cty., 2016) ("The legislature enacted [Section 5-4.6] to confirm the procedure for trial counsel to obtain timely compensation for their efforts in wrongful death matters. The procedures in that statute are intended to be strictly adhered to by practitioners seeking relief in . . . federal court."). Local Civil Rule 83.2(b) provides that "[i]n an action for wrongful death or conscious pain and suffering of the decedent . . . where required by statute or otherwise, the Court shall apportion the avails of the action, and shall approve the terms of any settlement." Loc. Civ. R. 83.2(b)(1). It also provides that "[t]he Court shall approve an attorney's fee only upon application in accordance with the provisions of the New York State statutes and rules." Loc. Civ. R. 83.2(b)(2). Read together, Local Civil Rule 83.2(b) and N.Y. E.P.T.L. Sec. 5, Part 4, allow a District Court to approve a settlement amount and authorize the executor of an estate to execute a general release of settlement funds in the event of a settlement related to a wrongful death or conscious pain and suffering.

This exception to the Surrogate's Court's jurisdiction is a narrow one. In order to fit within these exceptions, the claims alleged must be either or both for wrongful death and conscious pain and suffering. As the undersigned explained in some detail in Est. of Raphael by Raphael-Clark v. Avis Indus. Corp.,[2] No. 17 Civ. 6497 (VMS), 2021 WL 9544833, at *1 (E.D.N.Y. Oct. 27, 2021), a case concerning injuries that arose from a motor-vehicle accident but which did not result in death, although the decedent later passed away from reasons unrelated to the accident:

> Article 5, Part 4 of New York's EPTL is the state's wrongful-death statute. See N.Y. E.P.T.L. Art. 5, Part 4, Main Commentary. Among its provisions is Section

---

[2] In Est. of Raphael by Raphael-Clark, the estate has applied to the Surrogate's Court for approval of the settlement and distribution, and regularly reports to this Court about the progress of the approval process. See Docket of No. 17 Civ. 6497 (VMS).

8

5-4.6 which, as relevant here, was amended in 2005 to permit a court other than the New York State Surrogate's Court to approve the compromise of "an action for wrongful act, neglect or default causing the death of a decedent[.]" N.Y. E.P.T.L. § 5-4.6(a). The 2005 amendment's legislative history states that the purpose of the bill that was signed into law by the Governor was "to provide for the court to order the prompt disbursement of settlement proceeds in wrongful death cases." NYS Bill & Veto Jackets: 2005, Ch. 719 (NYSA_12590-06_L2005_Ch0719), available at https://digitalcollections.archives.nysed.gov/index.php/Detail/objects/28421 (last accessed Oct. 20, 2021). The bill's justification explains that, although a Surrogate's Court review of wrongful-death settlements was "to safeguard the interests of the distributees[,]" "[t]his legislation balances the need to assure proper review of distribution of proceeds of a wrongful death settlement with the interests of those expecting payment from the settlement." Id. In an action with both "wrongful death and personal injury claims" among its allegations, Section 5-4.6 settlement approval still applies, but a court other than the Surrogate's Court "should, even if it approves the overall settlement amount, leave the allocation [of wrongful death and personal injury damages] to the Surrogate's Court[.]" N.Y. E.P.T.L. § 5-4.6, 2011 Supplementary Practice Commentaries. This is because there may be issues that arise when a court that is not the Surrogate's Court, "without notice to potential creditors of the estate, allocates . . . entire settlement proceeds to wrongful death." In re Torres, 905 N.Y.S. 2d 844, 845 (N.Y. Surrogate's Court, Bronx Cnty., June 2, 2010). For example, although personal-injury damages may be subject to an estate creditor's claim, the same is not true for wrongful-death damages which "belong to the decedent's distributees, individually, for the pecuniary injuries suffered by them as a result of the decedent's death." Id. (noting that estate creditor had no right to recover from the decedent's distributees). It is similarly for the Surrogate's Court to determine what attorney fees are related to wrongful-death damages or are unrelated to the wrongful-death proceeding in a hybrid case "and thus allocable against the net estate before distribution." In re Haag, 43 N.Y.S.3d 870, 877-78 (N.Y. Surrogate's Court, Broome Cnty., Dec. 15, 2016).

The determination of whether a case falls under the wrongful-death regime or under conscious-pain-and-suffering or other causes of action regime thus is an important one because the assessment can determine whether the funds belong to the distributees, as would be the case with the first category, or whether they are part of the estate and generally available to the creditors of the estate, which would be the case with the latter category. See Volpe v. Romeo, 32 Misc. 3d 1207(A), 932 N.Y.S.2d 764, 764 (Sup. Ct., Richmond Cty., 2011) (describing significance of categorization of decedent's claims for allocation purposes and referring the

9

administration of settlement of wrongful death and personal injury claims to Surrogate's Court); In re Acct. by Pub. Adm'r of Kings Cnty., 25 Misc. 3d 236, 237, 881 N.Y.S.2d 878, 879 (N.Y. Sur., Kings Cty., 2009) (approving settlement of claims for decedent's wrongful death and conscious pain and suffering to the cause of action for the decedent's wrongful death); In re Bailey, 13 Misc. 3d 1211(A), 824 N.Y.S.2d 752, 752 (N.Y. Sur., Kings Cty., 2006) (allocating all damages in a settlement of claims for wrongful death and conscious pain and suffering based on medical malpractice to wrongful death as in the best interest of infant heir). The characterization of the settlement funds may also have significant consequences for inheritance allocations, see, e.g., Matter of Murray's Est., 90 Misc. 2d 852, 854, 396 N.Y.S.2d 149, 151 (N.Y. Sur., Erie Cty., 1977), or recovery by the state of aid payments, see, e.g., In re Est. of Heard, 25 Misc. 3d 1233(A) (N.Y. Sur., Monroe Cty., 2009), aff'd, 79 A.D.3d 74, 911 N.Y.S.2d 534 (4th Dep't 2010).

Federal courts approving applications under Local Civil Rule 83.2(b) and N.Y. E.P.T.L. Sec. 5-4.6 are charged with evaluating settlements of wrongful death and conscious pain and suffering claims of decedents. See Gluck v. Sandelli, No. 21 Civ. 2038 (SLC), 2022 WL 1556124, at *1 (S.D.N.Y. May 16, 2022) (approving settlement of wrongful death claims arising from fatal vehicle collision with pedestrian); Moises v. Riverbank Rest. LLC, No. 17 Civ. 09943 (SDA), 2018 WL 7356770, at *1 (S.D.N.Y. Dec. 21, 2018) (approving settlement of wrongful death claim arising out of alleged improper service of alcohol that led to fatal car accident) (cited by Plaintiff); Fair v. United States, No. 12 Civ. 6062 (MKB), 2014 WL 2862658, at *1 (E.D.N.Y. June 23, 2014) (approving settlement for wrongful death claim from medical malpractice brought under the Federal Tort Claims Act); Est. of Marshall v. City of New York, No. 08 Civ. 2893 (ERK) (VVP), 2012 WL 2320764, at *2 (E.D.N.Y. June 19, 2012) (approving

attorney's fees for settlement of claims of wrongful death and conscious pain and suffering where the decedent's death was not instantaneous); Hylton v. N.Y. Methodist Hosp., No. 08 Civ. 3956 (RRM) (MDG), 2010 WL 1688531, at *1 (E.D.N.Y. Mar. 30, 2010), report & recommendation adopted sub nom., Hylton v. New York Methodist Hosp., No. 08 Civ. 3956 (RRM) (MDG), 2010 WL 1688511 (E.D.N.Y. Apr. 27, 2010) (evaluating settlement of claims of medical malpractice that was "alleged to have contributed to causing the death of [the decedent]"). In some cases, a case may have begun as a personal injury action but if the plaintiff dies from the injuries sustained in the accident, new claims may be filed such that a settlement of the wrongful death and pain and suffering claims requires the court's approval. See Est. of Kloner v. United States, No. 13 Civ. 3171 (LB), 2018 WL 1800895, at *2 n.5 (E.D.N.Y. Feb. 21, 2018). Under the N.Y. E.P.T.L. and Local Civil Rule 83.2, the District Court can approve a settlement of a claim for wrongful death and a claim for conscious pain and suffering, even without the approval of the Surrogate's Court. See Palacios by Nieves v. Vu, No. 20 Civ. 2985 (PAE), 2022 WL 2763369, at *2 (S.D.N.Y. June 3, 2022). In some cases, the parties have even sought the Surrogate's Court approval of a settlement even before requesting this court's approval of a wrongful death settlement. See, e.g., Cai v. Cream-O-Land Dairies, LLC, No. 20 Civ. 1053 (LB), 2021 WL 7210785, at *1 (E.D.N.Y. Jan. 25, 2021) (approving settlement of claims based on fatal accident in which decedent was struck and killed by truck, after Surrogate's Court had issued decree approving distribution of settlement proceeds); Bos. v. 133678 Canada, Inc., No. 16 Civ. 3315 (LB), 2019 WL 13217385, at *1 (E.D.N.Y. Apr. 12, 2019) (approving settlement of claims based on motor vehicle accident that occurred when decedent was struck by defendants' tractor trailer truck, after Queens County Surrogate's Court had issued a decree approving the settlement).

Given the narrow exception to the general rule that the Surrogate's Court is charged with approving settlements by estates, and the importance of the categorization of the claims settled, federal and state courts distinguish between wrongful death damages, conscious pain and suffering claims and other claims, before reviewing and approving settlements under N.Y. E.P.T.L. Sec. 5-4.6 and related rules. Where a claim does not fall within this narrow exception, the court does not have concurrent jurisdiction with the Surrogate's Court to approve the settlement. See Est. of Raphael by Raphael-Clark, 2021 WL 9544833, at *2. In Est. of Raphael by Raphael-Clark, for example, this Court denied a motion for the release of settlement funds because the plaintiff's original claim was for a personal injury unrelated to the plaintiff's decedent's death. See Est. of Raphael by Raphael-Clark, 2021 WL 9544833, at *2. This is consistent with the policy considerations underlying the N.Y. E.P.T.L. Sec. 5-4.6 exception. When considering a wrongful death claim settlement, a court other than the Surrogate's Court may have full knowledge of the claim and the parties to the litigation, and can determine whether the settlement is appropriate as to the interest of the distributees of the estate. For claims relating to the decedent other than wrongful death and related conscious pain and suffering, the claims belong to the estate. A court other than the Surrogate's Court would not have full access to parties or interests relating to the estate (e.g., other heirs, creditors, executor's fee petitions) such that the court could not make a fully informed adjudication of the settlement and its allocations.

### III. Discussion

In light of the above-described New York law and Local Rule, the Court respectfully recommends that Plaintiff's motion be denied.

Plaintiff argues that N.Y. E.P.T.L. Sec. 5-4.6 permits this Court to approve the settlement, including attorneys' fees and costs, insofar as Local Civil Rule 83.2(b) applies. See

ECF No. 32 at 1.  According to Plaintiff, although Plaintiff has not alleged a wrongful death claim, Plaintiff's complaint refers to "substantial conscious pain and suffering" Mr. Marrero allegedly endured.  See ECF No. 1 ¶¶ 26, 40.  Plaintiff argues that this "conscious pain and suffering" that Mr. Marrero endured during his arrests is the type of "conscious pain and suffering" referred to in Local Civil Rule 83.2(b) such that the settlement may be approved by the Court.  Id.  The Court disagrees.  As in Estate of Raphael by Raphael-Clark, Plaintiff has not alleged that this claim is "for wrongful act, neglect or default causing the death of a decedent."  Plaintiff thus has not shown that the statute or Local Rule applies.  See N.Y. E.P.T.L. Sec. 5-4.6; Loc. Civ. R. 83.2(b); Est. of Raphael by Raphael-Clark, 2021 WL 9544833, at *2.

As the caselaw makes clear, to state a conscious pain and suffering claim, the alleged suffering and the decedent's death must arise from the same incident.  Despite the overlap of the words "conscious pain and suffering" that Plaintiff used in his complaint to describe some of his damages, ECF No. 1 ¶¶ 26, 40, these words do not allege the New York common law cause of action for "conscious pain and suffering" that may accompany a cause of action for wrongful death.  As outlined above, Plaintiff's civil rights action alleged injuries from excessive force used during and after his two arrests.  He did not bring any claims related to his death which occurred many months after the second of the two alleged civil rights violations.  Plaintiff concedes that Mr. Marrero's death was unrelated to the alleged interactions with the police officers.  See ECF No. 30 ¶¶ 6, 13.

As this case does not raise a claim for conscious pain and suffering or wrongful death, the action does not fall in the narrow exception to the jurisdiction of the Surrogate's Court over estate administration.  Thus, the Court lacks the authority to approve the settlement as is necessary for the Administrator to resolve the civil rights and intentional injury claims brought

by Plaintiff before he died. Instead, the approval of the Surrogate's Court is needed to settle the action on behalf of Mr. Marrero's Estate because the letters of administration issued on behalf of the Estate to the Administrator limit the Administrator's authority in ways relevant to this settlement. First, the Administrator is restrained from collecting and administering more than $40,000.00 in assets belonging to the decedent without further order from the Surrogate's Court. See ECF No. 14-2. As the settlement is for over $100,000 and also involves the compromise of a preferred claim with a value in excess of $40,000 to the benefit of the Estate, see ECF Nos. 30-1 ¶ 2, 30-5, the Administrator is not authorized to undertake the settlement without the Surrogate's Court's approval. Second, the Administrator is specifically restrained from collecting assets related to a cause of action without court approval and the posting of security. See ECF No. 14-2. As this Court lacks authority to give such approval, given the scope of N.Y. E.P.T.L. Sec. 5-4.6 and Local Civil Rule 83.2, the Administrator must apply to the Surrogate's Court for the approval.

Because the complaint does not plead a wrongful death or conscious pain and suffering claim and the settlement does not relate to such a claim, Local Civil Rule 83.2 and N.Y. E.P.T.L Sec. 5-4.6 do not permit this Court to approve the settlement. Instead, Plaintiff's motion must be brought before the Surrogate's Court, Kings County.

## IV. Conclusion

For the foregoing reasons, this Court respectfully recommends that the District Court deny Plaintiff's motion. If this report and recommendation is adopted, Plaintiff should be directed to move for approval for the settlement and distribution of settlement funds from the New York State Surrogate's Court, Kings County, and to inform the Court of the outcome of that motion within seven days of the Surrogate's Court order on the motion.

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. See <u>Miller v. Brightstar Asia</u>, Ltd. 43 F.4th 112, 120 (2d Cir. 2022).

Dated: Brooklyn, New York
March 13, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge